Good morning, Your Honors. Just one moment, let me call the case. I was waiting for you. Oh, I'm sorry. That's okay. I'm eager. You're eager, and that's a good thing. The next case for argument is United States v. Venjohn. It is docket 23-8028, Ms. Shen. Good morning, Your Honors. It may please the Court. My name is Kathleen Shen, and I represent Mr. Stephen Venjohn. In United States v. Taylor, the Supreme Court held that, for purposes of the Elements Clause, the threatened use of physical force against the person of another means a completed threat that is communicated to another person. Since Colorado felony menacing criminalizes attempted threats or even merely threatening conduct that is not communicated to anyone else, it plainly is not a crime of violence under the Elements Clause and the sentencing guidelines, and Mr. Venjohn's sentence therefore should be vacated, in this case remanded for resentencing under the corrected guidelines range. So Taylor is well-settled law that stands for the proposition that only a completed or communicated threat of force is covered by the Elements Clause. An unsuccessful attempt to threaten someone that is not communicated to that person does not qualify as a threatened use of physical force under the Elements Clause, and nor does conduct that just poses a kind of abstract risk or threat to community peace and order, whether known or unknown to anyone at the time. So that all comes directly from Taylor. And as the Seventh Circuit has put it, Taylor separates communicative threats, which are active and intended to threaten, from merely abstract or atmospheric threats. And it's also clear that Colorado felony menacing is not limited to a completed communicated threat, but it does criminalize merely attempted threats or threatening conduct. Notably, it does not require the defendant's conduct even to be known to anyone else at the time, let alone communicated to another person. And based on what? Why do you say that? So I look both to the statutory language and to the way it's been interpreted by the Colorado Court of Appeals in People v. Sultry. So Colorado felony menacing, and this is from the language of the statute, occurs if by any threat or physical action the defendant knowingly places or attempts to place another person in fear of imminent serious bodily injury and he does so using a bodily weapon. So this language tells us two things. First, the statute is limited to threats but encompasses abstractly threatening conduct and also that the placement of others in fear doesn't have to be completed. It can be attempted. Well, I don't know about that. I guess let me back up and say this. Taylor is an attempted Hobbs Act violation, right? Sure, yes. And this defendant's crime is not attempted menacing. It's menacing. That's right. Okay, but the confusion or ambiguity is that the crime of menacing has this word attempts in it. And one way to read that would be attempts to place another person in fear is the, say, the crocodile Dundee movie. You call out a knife, here's a knife. In other words, the person pulled the knife and crocodile Dundee wasn't a bit scared. So attempted to do it and the threat was communicated, it just didn't work. That's one way to read this. That is a way to read it, but we know that's not the way Colorado courts read it from People v. Salter and similar cases where the courts make clear that the effect on the victim is totally irrelevant and it doesn't even have to be known to anyone else. Well, you said the statute supports it and I'm just pointing out the text of it but I think it's consistent. I'll go with you on Salter taking it there and then I'll ask you what is the significance of a Colorado Court of Appeals court case as far as what we're called upon to do? It'd be different if we were the Colorado Supreme Court, right? I think that the Colorado Court of Appeals decision is certainly, in this context, it's authoritative because there's no other contrary authority. This is a case that's been in place, I believe it's a well-established case and I think there's other cases that do emphasize that attempted menacing is, or that menacing, excuse me, not attempted menacing, the offense is menacing, is solely focused on the conduct of the defendant and the government isn't required to prove any effect on the victim and not even that any other person saw it. But if it's plain error, and we're talking plain error, right? Yes. So talking plain error, if I read that statute and I say that's a Crocodile Dundee statute, I don't care what the Colorado Court of Appeals says. I'm waiting for the Colorado Supreme Court because I think they're going to agree with me, then the error's not plain, is it? Your Honor, I believe that the Colorado law is plain and I believe that this is the way that the statute has consistently been interpreted by Colorado courts and that people have been prosecuted under the statute for many years. I think it's significant that Mr. Soltre's conviction was upheld because especially we are operating under the categorical approach. And again, what the categorical approach requires is that this court determine whether a conviction for this state offense necessarily shows that the defendant engaged in the prohibited conduct of threatening another person. And so the fact that Soltre exists and shows that the Colorado Court of Appeals upheld this conviction and all points to the existence of other such convictions shows at a minimum that the least culpable conduct that's criminalized by this offense includes attempts to threaten others that do not reach any other person. Yeah, if Soltre were a Colorado Supreme Court, I would agree with you. If it were a Colorado State District Court, I'd wonder. If it's Colorado Court of Intermediate Appeals, I'm in doubt. I don't know. Do you have a case that says that if indeed it's an intermediate state court, for our purposes on plain error in this sort of a situation, the federal courts will deem that to be plain error? Your Honor, I don't know the answer to that question off the top of my head. But again, and I'm happy to submit a 28-J letter and do additional research on that point. But I think that the concern underlying your question is answered in large part by the fact that we are applying the categorical approach. And so again, the question isn't what the typical case would be or what the Colorado Court of Appeals is going to say. It's the question is, looking at Mr. Benjamin's conviction, do we know that this necessarily is a conviction for an offense that required him to engage in a communicated threat to another person? We do if you read the statute the way that I do. Then it follows that it is a crime of violence under 4B1.2. If you read it like the Court of Appeals in Colorado, then just exactly the opposite. We know the answer either way. We just don't know what the Colorado Supreme Court says. Sure, Your Honor. But the point I'm trying to make is that any possibility that Mr. Benjamin or that this conviction could stand for something other than a communicated threat takes this outside of the categorical approach under the threatened use of force. So what you're saying is that you have to expand the hypothetical beyond Crocodile Dundee. You have to expand it to the hypothetical, I think was in the briefing, about somebody coming up behind a possible victim with a fake knife and the victim walks away, doesn't even know it was a threat. That's a hypothetical that needs to be considered under the statute, isn't it? And that is the hypothetical, I believe, in Salt Lake, exactly, which answers the question and makes clear that at least as the Colorado courts have been interpreting this statute for years, people can be convicted for this offense without communicating a threat to another person. You can come up with a hypothetical much like that without reading anything, just looking at the statute and saying this then was an attempt. It just didn't get completed. Of course, and I think I agree with Your Honor. This statute clearly contemplates an attempt to threaten someone. I think Taylor very clearly says if you're just attempting to threaten someone but you don't succeed, then you haven't threatened the use of physical force against another person. So in that sense, I think... It's not just that you don't succeed, but there was no perception by the victim. And, you know, Taylor I think is really clear by communicated, they mean if your message didn't get to the other person, if there's been no communication to the person, then there is no threat. They don't get into, they don't answer this question of does the person have to feel afraid? But I don't think we need to answer that question here because both the language of the statute and the way the courts in Colorado have... That's too loose, though. You say the Colorado courts have, the Colorado courts have, but there's only one Colorado court we really care about, Colorado Supreme Court, right? Your Honor, I have put a pin in that question and I will do additional research. But again, I think because the categorical approach has this very absolutist requirement that we look at this conviction and we know absolutely this conviction is for the threatened use of physical force. I'm not sure that it matters. I'm sorry, please continue. Because when you look at this conviction, because the Colorado courts of appeals have been interpreting it to permit conviction based on threats that nobody sees, we don't know that this is categorically the threatened use of violence. But if you read the statute the Crocodile Dundee way, it fits under Taylor. You have a communicated threat. It just didn't work. It's not a situation, my law clerk had a good example, where you yell across the street, you're gonna kill someone right when a loud truck goes by and they don't hear you. That's not, that's good for Salt Ray, but that's not good for Crocodile Dundee. And until the Colorado Supreme Court tells us is this a Crocodile Dundee statute or is this a loud truck statute, we don't know. And if we don't know, I'm not sure how it can be plain or prompt too. I believe, again, Your Honor, I think with the categorical approach, the Supreme Court has said that sometimes we look, we look both at what the words of the statute say and how it's been applied. And it's because, not just because we're concerned with what the state Supreme Court says, it's not merely an abstract thing, though of course the state Supreme Court has clearly answered the question, we go with it, but we also look at the cases because we wanna know as a matter of fact, is this conviction necessarily a conviction for communicating a threat to another person? And because people, in fact, have been convicted for Colorado felony menacing for threats that are not communicated to anyone, we know that this is not categorically a crime of violence. Respectfully, Your Honor, I put a pin in the question about the Colorado Supreme Court because I just don't know the answer to that right now. But I think if you get beyond that and we find that the error is plain, then it increases its guideline range and we meet our third and fourth prong and that's clear from the Supreme Court and Tenth Circuit cases and we would respectfully ask this court to vacate Mr. Van Dunn's sentence. If there's no further questions, I'd like to reserve the remainder of my time. Thank you. Thank you. Good morning, Your Honors. My name is Jonathan Koppelman and I represent the United States in this case. Can everybody hear me okay? Do I have the microphone set up correctly? Your Honors, I'd like to address Judge Phillips' question at the outset, which is, what is the implication or the importance of Saltere? And the answer, Your Honor, and I'll cite a case here, it's Colorado v. Johnson, 487p3-1262. This is a Colorado Supreme Court case from 2020. And in that case, the Colorado Supreme Court acknowledges that there are multiple divisions of the Colorado Courts of Appeals. And what matters about that is a decision from one division of the Colorado Court of Appeals binds that division, but it does not bind other divisions. So other divisions may actually come to an alternative conclusion. They may have the Crocodile-Dundee, for example, conclusion, and you could wind up with a split of authority in Colorado that would have to be resolved by the Colorado Supreme Court. But when you consider the categorical approach, you have to consider every possibility of what could have happened. And isn't the range of possibilities under the statute broader than just the Crocodile-Dundee? Doesn't it include the one that's included in the Colorado Court of Appeals case? I will address your question, but before I do, may I say one thing, which is respectfully... Well, I don't know, but just don't forget the question. Okay, you got it. I won't. Respectfully, what I'll say is I think we're jumping the gun because there was an objection to Mr. Vinjohn's PSR, but it wasn't this one. And his defense attorney... Well, we know we're here on plain air. Right. Okay, so what? Now answer my question. Okay. So to get to the categorical approach, right, the court would need really an objection. And there's ARMEA, which is binding 10th Circuit precedent, which said Colorado felony menacing is a crime of violence. So there's no reason why the district court would have reached that analysis, the categorical approach, which I believe is everybody's favorite exercise to engage in. There's no reason why they would have reached that. Okay, but answer my question. Yes. The question is, looking at the Colorado statute, taking the hypothetical, not the adjudication, but the hypothetical recited by the Colorado Court of Appeals, plugging it into the statute, it broadens the range of possible crimes under the Colorado menacing statute beyond the Crocodile Dundee hypothetical. Correct? I'm not certain it does. Well, then tell me why it doesn't. Why that hypothetical from the Colorado Court of Appeals would not be chargeable as a crime of menacing in Colorado? I think Judge Phelps' example is a perfect example. I'm asking whether you can go beyond that example. I'm talking about the example in the Colorado Court of Appeals decision. Why is that not inclusive in the statutory language of attempt? I suppose maybe it is, Your Honor. Okay, I got a maybe. Is there any way we can go any further? I am not going to tell them, I'm not going to say here today that perhaps Armijo ultimately is something that's... I'm not talking about Armijo. I'm talking about a clean slate, taking the hypothetical stated by the Colorado Court of Appeals, plugging it into the statute, wouldn't that be chargeable under the Colorado menacing statute? I got a maybe. Now I want to know, is there a yes? If we accept that Soltre got it right, then yes. Let me, please, listen to my hypothetical. That case was not decided. Plug in the hypothetical that case used into the statute. Isn't that hypothetical chargeable under the Colorado menacing statute? Yes, it is. Thank you. Okay, but we never get there, right? That is the whole point. It's plain air. It's plain air. So let's go through it briefly for a moment. Well, let me just ask you this. If Soltre were Colorado Supreme Court, you'd lose, right? Absolutely. Yes. And Taylor requires communication and Soltre does not require communication. That's correct. But it's plain air, right? So it has to be air and it has to be clear and obvious. And there was no objection. Let me ask you this. Does that mean to meet your view of air that is plain that it require a United States Supreme Court decision on the Colorado menacing statute in order to overcome Armijo? No, it doesn't. But it needs to be clear and obvious. So you're not denying Cantu? Cantu applies. I am not familiar with that case, Your Honor. So I'm not going to say... Well, isn't it all over this case? You don't need a precise precedent. May I make one point, please? Which is this. It has to be clear and obvious. And there was no objection. So this requires that the district court judge would have to have sui sponte said, well, I know about Taylor and it's about attempted Hobbs Act robbery. So I don't have an objection, but can we now look at this this Colorado case? Oh, wait. I have binding 10th Circuit precedent that says this is a crime of violence. Okay, so now let's go and do research at the Colorado Court of Appeals level. Okay, there's a case which is concerning, but it's not from the Colorado Supreme Court. Whatever that is, it's not clear and obvious. It's not clear and obvious. Right? It's not... There was binding 10th Circuit precedent here. So you are saying that because there's binding 10th Circuit precedent, that in order to make this not plain, it would require a U.S. Supreme Court case on the Colorado menacing statute. That has got to be what you're saying. No, I just... Because Armijo applies. You're saying Armijo applies. That's what causes all the problems. And so the only way, according to you, that you can get over Armijo is to have direct precedent on the very same statute from a higher court than the 10th Circuit. There's only one of them around. Respectfully, I don't think that's exactly what I'm saying. What I'm saying is, absent an objection, there really was no reason the district court should have looked and said, I am concerned about the 10th Circuit precedent that binds me. Because there was no objection. So there's no reason why the court should have second guessed its binding precedent. That's what I'm really saying. It's not clear and obvious. That's the standard. All right. Are the Armijo and other 10th Circuit cases, are they residual clause cases? So Davis was a residual clause case. And if you don't know, just say you don't know. I don't know about Armijo, Your Honor. Okay. But if they're residual clause cases, they're not much help, right? We're talking elements. That's correct, Your Honor. Yeah. So, respectfully, Your Honor, unless there are further questions, I just simply think that there are some compelling arguments to be made about the Colorado statute. They just weren't raised at the right time. And it's under the plaintiff's standard of review. So I respectfully ask that the court affirm Mr. Vinjohn's conviction because it's not clear there was an error. And even if there was, it wasn't clear and obvious under current law. Thank you. Okay. Before I get started, I have a very straightforward question. Yes. Not yes or no, but it's close. Is Armijo an elements clause case or a residual clause case? So I have the case here. I could look it up. Okay. I don't want to use up all your time. Okay. Do you know? I don't know. I do believe one of the prior cases said it was a threatened use of force, but I don't remember for sure off the top of my head. There's two points I wanted to make. One is to sort of return to this Colorado Supreme Court issue that I was discussing with Judge Phillips. And I wanted to just say that, again, the categorical approach, the Supreme Court has said that in some circumstances we are asking whether there's a realistic probability that the statute would be applied to conduct that doesn't satisfy the federal definition. We don't always have to find cases, right? If the language of the statute is clear, which I think it is, but Judge Phillips may disagree that this offense reaches attempted threats, then, of course, we don't need to provide a case. But if we can show a case that shows there is a realistic probability that people are going to be prosecuted for Colorado felony menacing without actually communicating a threat to another person, that also shows it's overbroad for purposes of the categorical approach. And I think that's how salt tray is important. And then second, just to return to the point that, or address the point that the government's counsel was making, the purpose of the plain error test, it's not a grading system for district court judges. Of course, that's what the Supreme Court says in Henderson, and we cite this language in the brief. And really, one of its purposes is to give the Court of Appeals an opportunity to identify cases where fairness and justice call for a new rule of law to be applied to a case on appeal. And respectfully, Mr. Vengeance's case is exactly such a case. It is an opportunity for this court to apply Taylor's new rule, fairness and justice required. So we would respectfully request that this court vacate his sentence and remand for resentencing. Thank you. Thank you, counsel. Case is submitted. Counsel are excused. And that concludes our business. Court is adjourned.